IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS R. HUTCHINSON and CLAY ROBERTS, III, individually and as a former member of ROBERTS, MARRS & CARSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BONNIE J. HAHN, Personal Representative of the Estate of Robert W. Hahn, Deceased; BAMBERGER, FOREMAN, OSWALD AND HAHN; BAMBERGER, FOREMAN, OSWALD AND HAHN, L.L.P.; DAVID T. KASPER; LOCKE REYNOLDS BOYD & WEISELL; LOCKE REYNOLDS BOYD & WEISELL LLP;  MARTHANDA BECKWORTH, and ATKINSON, HASKINS, NELLIS, HOLEMAN, BRITTINGHAM, GLADD & CARWILE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  05-CV-453-TCK(PJC) |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the Motion of Defendants Marthanda Beckworth ("Beckworth") and

Atkinson, Haskins, Nellis, Holeman, Brittingham, Gladd & Carwile ("Atkinson") for Sanctions

Against Plaintiffs and Plaintiffs' Counsel (Doc. 35); the Motion of Defendants David T. Kasper

("Kasper") and Locke Reynolds Boyd & Weisell LLP ("Locke Reynolds") for Sanctions Against

Plaintiffs and Plaintiffs' Counsel (Doc. 50); Plaintiffs' Motion for Order Imposing Ultimate Sanction

of Default Against Defendants on the Issue of Liability and Monetary Sanctions Against Defendants

and their Attorneys for Deliberate Scheme to Defraud the Court (Doc. 55) ("Plaintiffs' Motion for

Sanctions"); Plaintiffs' Request that District Judge Disqualify Himself in this Civil Action (Doc. 79);

Plaintiffs' Supplemented Request that District Judge Disqualify Himself in this Civil Action (Doc.

84) (collectively "Motion to Recuse");[1] Plaintiffs' Request that Court Decide Recusal Issue Before

Deciding Other Pending Motions (Doc. 108); and the Application of Defendants Beckworth and

Atkinson for Sanctions for Direct Contempt of Court (Doc. 121).

## I.    Background

The origin of this case began more than twenty-five (25) years ago when Plaintiff Thomas

R. Hutchinson's ("Plaintiff Hutchinson" or "Hutchinson") father brought suit in the United States

District Court for the Southern District of Indiana, claiming entitlement to various paintings. This

first case was dismissed after the court determined that plaintiffs' claims were barred by laches.

Plaintiffs, through their attorney Joan Godlove ("Godlove" or "attorney Godlove"), have since filed

more than thirty (30) lawsuits in various courts, including this one, all of which derive from the same

facts at issue in the original case.[2][3]

---

[1]  It is unclear whether Plaintiffs intended their supplemented request to serve as a substitute for their original request that the undersigned disqualify himself. Because these two motions are virtually identical, the Court will refer to them collectively as Plaintiffs' Motion to Recuse.

[2]  Although the specific plaintiffs named in each of these cases have changed somewhat over the years, the presence of a "Hutchinson" — whether it be Plaintiff Hutchinson, his father, or his sister — has remained constant.

[3]  These lawsuits include the following: *In re Hutchinson,* 522 U.S. 912 (1997) (petition for writ of mandamus denied); *In re Hutchinson,* 516 U.S. 805 (1995) (petition for writ of mandamus denied); *Hutchinson v. Pfeil,* No. 98-5260, 211 F.3d 515 (10th Cir. 2000), *cert. denied,* 531 U.S. 959 (2000); *Hutchinson v. Pfeil,* No. 98-5248, 211 F.3d 1278 (Table) (10th Cir. 2000) (unpublished); *Schwartz v. Cincinnati Museum Ass'n,* No.00-3494, United States Court of Appeals for the Sixth Circuit; *Schwartz v. Cincinnati Museum Ass'n,* No. 00-3495, United States Court of Appeals for the Sixth Circuit; *Schwartz v. Butler Inst. of Am. Art,* No. 00-3496, United States Court of Appeals for the Sixth Circuit; *Hutchinson v. Pfeil,* No. 98-5043, 201 F.3d 448 (Table) (10th Cir. 1999) (unpublished), *cert. denied,* 530 U.S. 1205 (2000); *Hutchinson v. Pfeil,* No. 99-5019, United States Court of Appeals for the Tenth Circuit; *Hutchinson v. Pfeil,* No. 98-5047, United States Court of Appeals Seventh Circuit; *Hutchinson v. Pfeil,* No. 98-5245, United States Court of Appeals for the Tenth Circuit; *Hutchinson v. Spanierman,* No. 97-3101, United

In sum and substance, the claims made in the instant case are the same claims that have been made by Plaintiffs for the past twenty-five (25) years. Each time Godlove and her clients lost a legal battle, they simply filed a new lawsuit naming, as additional defendants, those opposing parties, lawyers, and law firms that prevailed against them. Neither Godlove nor her clients have ever been successful in any of the numerous lawsuits and appeals which they have filed, and Godlove's tactics have previously been sanctioned by various courts. *See Hutchinson et al. v. Pfeil et al.*, Tenth Circuit Court of Appeals, Order and J. No. 06-5033 and Order and J. No. 06-5053 slip ops. (affirming district court's grant of Rule 12(b)(6) motion and finding that plaintiffs' appeals were "frivolous") (sanctioning plaintiffs and Godlove by holding them jointly and severably liable for double costs);

States Court of Appeals for the Seventh Circuit; *Hutchinson v. Pfeil*, No. 96-5031, 105 F.3d 562 (10th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997); *Hutchinson v. Pfeil*, No. 95-5269, 105 F.3d 566 (10th Cir. 1997); *Hutchinson v. McKinney*, No. 94-1174, United States Court of Appeals for the Seventh Circuit; *Hutchinson v. McKinney*, No. 94-1523, United States Court of Appeals for the Seventh Circuit; *Hutchinson v. Hahn*, No. 04-CV-341-E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Pfeil*, No. 02-C-721-E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Pfeil*, No. 02-C-425-E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Pfeil*, No. 02-C-408-E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Cincinnati Museum Ass'n*, No. 96-CV-827-SAS, United States District Court for the Southern District of Ohio; *Hutchinson v. Cincinnati Museum Ass'n*, No. 96-CV-826-SAS, United States District Court for the Southern District of Ohio; *Hutchinson v. Butler Inst. of Am. Art*, No. 96-CV-233-SAS, United States District Court for the Southern District of Ohio; *Hutchinson v. Pfeil*, No. 94-CV-711E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Pfeil*, No. 94-CV-1134E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Pfeil*, No. 92-CV-1088E, United States District Court for the Northern District of Oklahoma; *Hutchinson v. Thompson*, No. EV 90-43 M/H, United States District Court for the Southern District of Indiana; *Hutchinson v. Spanierman*, No. EV 90-44 M/H, United States District Court for the Southern District of Indiana; *Hutchinson v. Day*, No. EV 80-104-C, United States District Court for the Southern District of Indiana; *Hutchinson v. Horowitz*, Index No. 97604942, Supreme Court of the State of New York, County of New York, appeal dismissed, 96 N.Y.2d 730, 745 N.E.2d 1018, 722 N.Y.S.2d 796 (2001); *Hutchinson v. Horowitz*, 96 N.Y.2d 793, 749 N.E.2d 211, 725 N.Y.S.2d 642 (2001); *Hutchinson v. Carter*, 33 P.3d 958 (Okla. Ct. App. 2001).

3

*Hutchinson v. Pfeil*, 201 F.3d 448 (10th Cir. 1999), *cert. denied*, 530 U.S. 1205 (2000) (affirming sanctions for improper conduct in discovery); *Godlove v. Bamberger*, 903 F.2d 1145 (7th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991) (affirming sanction of dismissal with prejudice because Godlove "willfully and deliberately chose to ignore and refuse to obey the court's orders"); *Hutchinson v. Pfeil*, Case Nos. 02-C-408-E and 02-C-425-E, United States District Court for the Northern District of Oklahoma, March 6, 2003 Order (Ellison, J.) (dismissing plaintiffs' claims and placing filing restrictions on Godlove) (concluding "that [Godlove] is 'an individual who simply refuses to accept the judgments of the courts'" and directing plaintiffs not to file "any pleading in this case which would seek this Court's reconsideration or revisiting of the issues decided in this Order").[4]

Even though Plaintiffs' claims have been repeatedly rejected and Godlove has been repeatedly sanctioned for litigation misconduct, Godlove, on behalf of Plaintiffs, filed the current lawsuit in 2005. This instant suit names as Defendants additional lawyers who have prevailed against Plaintiffs and arises from the same set of facts that has characterized this long history of litigation. Similar to the their many previous lawsuits, Plaintiffs' current suit alleges claims for civil RICO violations and attorney deceit. Defendants Beckworth, Atkinson, Kasper, and Locke Reynolds (hereinafter referred to collectively as "Defendants") have responded to Plaintiffs' newest lawsuit by seeking sanctions against both Plaintiff Hutchinson and Godlove. Plaintiffs are also seeking sanctions against Defendants. The issue of sanctions has been fully briefed, and the Court held a hearing, wherein the parties argued their positions before the Court ("sanctions hearing" or "hearing"). (*See* Minutes of Hearing, Doc. 80.) Further, Plaintiffs have also filed a Motion to Recuse, wherein they maintain that

---

[4] Despite this sanction, Godlove ignored Judge Ellison's mandate and filed motions to vacate.

this Court should recuse itself due to personal bias.

## II.     Plaintiffs' Motion to Recuse

Plaintiffs move to disqualify the undersigned, claiming that the Court has exhibited a "pre-existing bias" in favor of Defendants.  Plaintiffs rely on 28 U.S.C. §§ 455(a) and (b)(1) ("recusal statute"), which require a judge to disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) & (b)(1).  The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

The Tenth Circuit has cautioned, however, that the "recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *See Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000).  Neither is the statute "intended to bestow veto power over judges or to be used as a judge shopping device." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (internal citations omitted).  Further, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. *Id.* (internal citations omitted).  The decision to recuse is committed to the sound discretion of the district court, and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Plaintiffs' argument supporting their Motion to Recuse is based on the Court's oral ruling at the sanctions hearing.  Specifically, Plaintiffs maintain that the Court exhibited bias in favor of

Defendants when it indicated it would rule against Plaintiffs and made certain comments that were critical of Plaintiffs and Godlove. In order to bring such allegations within the parameters of the recusal statute, Plaintiffs must show that the undersigned's words and actions were motivated by events originating *outside* the context of judicial proceedings. *See Liteky v. United States*, 510 U.S. 540, 554-56 (1994) (noting that any comments or actions motivated within the context of judicial proceedings are insulated from charges of bias). Thus, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted). Further, although a judge's remarks may be "critical," "disapproving," or "hostile" to a party, usually they will not support a partiality charge unless the actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005); *United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995).

Accordingly, the fact that the undersigned issued a ruling against Plaintiffs and made critical comments regarding Plaintiffs and their counsel is an insufficient basis for disqualification absent evidence that the undersigned could not render an objective decision. In the instant case, the undersigned's rulings were based solely on the record and were not based on events originating outside the judicial proceedings. Nor were the Court's rulings the result of any personal favoritism or bias. Plaintiffs have failed to produce any evidence showing that this Court has any "deep-seated antagonism" that would make fair judgment impossible. Absent such evidence, Plaintiffs' Motion to Recuse has no basis in fact or law. *See United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) (denying defendant's motion to recuse, made after judge denied defendant's motion and made negative comments about defendant's motion and character, because such comments reflected the

6

judge's "honest assessment" and did "not display a deep-seated antagonism that would make fair judgment impossible"); *Hook v. McDade*, 89 F.3d 350, 355-56 (7th Cir. 1996) (holding that judge did not act in a manner suggesting bias when he referred to a motion for disqualification as "offensive" and "impugn[ing]" of his integrity and required the attorney filing the motion to testify about the alleged bias under oath).

Moreover, the Court observes that this is not the first time that Plaintiff Hutchinson, by and through attorney Godlove, has requested that a judge recuse himself after receiving an adverse ruling. Such behavior suggests a pattern of prohibited "judge shopping" behavior. *See Nichols*, 71 F.3d at 351 (noting that the recusal statute is not "to be used as a judge shopping device"). Plaintiff Hutchinson and Godlove made a similar argument after Judge Ellison entered sanctions against Plaintiff Hutchinson in *Hutchinson v. Pfeil*, Case No. 92-CV-1088. In affirming Judge Ellison's denial of Plaintiff Hutchinson's motion to recuse, the Tenth Circuit stated:

> [Plaintiff Hutchinson] does not allege any extrajudicial activity by the judge, but argues that the judge ignored facts which allegedly demonstrate a lack of impartiality. The district judge did not ignore [Plaintiff Hutchinson's] arguments – he found them insufficient. We likewise find that Mr. Hutchinson's argument is without merit, and that the district court did not abuse its discretion in denying the recusal motion.

*Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997). Similarly, Plaintiffs' current Motion to Recuse does not allege any extrajudicial activity by the undersigned, but essentially argues that the undersigned wrongfully ignored Plaintiffs' arguments at the sanctions hearing. Much like Judge Ellison, the undersigned did not ignore Plaintiffs' arguments, but simply found them to be insufficient.[5] The Court therefore finds Plaintiffs' Motion to Recuse (Docs. 79 & 84) without merit

---

[5] Plaintiff Hutchinson and attorney Godlove also moved for the recusal of Judge Larry McKinney in two cases filed in the Southern District of Indiana. (Supp. Br. in Support of Sanctions of Defs. Beckworth and Atkinson, Haskins, Ex. 4 at 7; Resp. of Defs. Beckworth and

and DENIES same.[6]

## III.   Defendants' Motions for Sanctions

In Defendants' motions for sanctions, Defendants seek sanctions and an order prohibiting Plaintiffs and Godlove from filing any future civil litigation based upon or arising out of the legal or factual claims alleged in this action and the numerous underlying actions preceding this matter. For the reasons outlined below, the Court GRANTS Defendants' motions for sanctions (Docs. 35 & 50).

### A.   Relevant Legal Standards

Defendants rely on three legal sources to support their request for sanctions and filing restrictions. First, Defendants cite 28 U.S.C. § 1927, which provides that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be required by the court to "satisfy personally the excess costs, expenses, and attorneys' fees reasonable incurred because of such conduct." Second, Defendants cite Federal Rule of Civil Procedure 11, which outlines an attorney's responsibilities to the court. Specifically, Rule 11 provides:

> (b)  [B]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1)   it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

Atkinson, Haskins to Pls.' Mot. to Disqualify, Ex. 1 at 10). Judge McKinney denied the motions for recusal in both cases on August 17, 1993. (Supp. Br. in Support of Sanctions of Defs. Beckworth and Atkinson, Haskins, Ex. 4 at 8; Resp. of Defs. Beckworth and Atkinson, Haskins to Pls.' Mot. to Disqualify, Ex. 1 at 10.)

[6] Plaintiffs filed a Request that the Court Decide Recusal Issue Before Deciding Other Pending Motions (Doc. 108), which the Court GRANTS. Although contained in one Order, the Court considered the recusal motion before any other pending motion.

(2)     the claims, defenses, and other legal contentions therein are warranted
by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new
law;

(3)     the allegations and other factual contentions have evidentiary support
or, if specifically so identified, are likely to have evidentiary support
after a reasonable opportunity for further investigation or discovery;
and

(4)     the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on a lack of
information or belief.

Rule 11 also sets forth a court's power to sanction those attorneys who have made improper

representations to the court, subject to specific procedural requirements.

(c) Sanctions.  If, after notice and a reasonable opportunity to respond, the court
determines that subdivision (b) has been violated, the court may, subject to the
conditions stated below, impose an appropriate sanction upon the attorneys, law
firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1)     How Initiated.

(A)     By Motion.  A motion for sanctions under this rule shall be
made separately from other motions or requests and shall
describe the specific conduct alleged to violate subdivision
(b).  It shall be served as provided in Rule 5, but shall not be
filed with or presented to the court unless, within 21 days
after service of the motion (or such other period as the court
may prescribe), the challenged paper, claim, defense,
contention, allegation, or denial is not withdrawn or
appropriately corrected.  If warranted, the court may award to
the party prevailing on the motion the reasonable expenses
and attorney[s'] fees incurred in presenting or opposing the
motion.  Absent exceptional circumstances, a law firm shall
be held jointly responsible for violations committed by its
partners, associates, and employees.[7]

_____

[7] Rule 11 also provides that sanctions under Rule 11 may be awarded as a result of the
court's own initiative, rather than by motion.  *See* Fed. R. Civ. P. 11(c)(1)(B).  In such a
circumstance, the court must enter an order "describing the specific conduct that appears to

. . .

(2)    Nature of Sanction; Limitations.  A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A)    Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

. . .

(3)    Order.  When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1991) (citations omitted).  In deciding whether to impose Rule 11 sanctions, a court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument. *Dodd Ins. Services, Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991); *see White*, 908 F.2d at 680 ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.").

---

violate [Rule 11] and directing an attorney, law firm, or party to show cause why it has not violated [Rule 11] with respect thereto."  Although Plaintiffs mention the necessity of a "show cause order" in their sanctions briefing, Defendants initiated sanctions by motion (*see* Docs. 35 & 50), making Rule 11(c)(1)(B) inapplicable to this matter.

Courts have applied various types of sanctions for violation of Rule 11, including imposition of attorneys' fees, costs, litigation restrictions, notice requirements before filing, and outright dismissal of a lawsuit with prejudice. *See, e.g., Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003) (finding dismissal with prejudice was not unduly harsh sanction in light of flagrant Rule 11 violation); *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 162-63 (8th Cir. 1997) (award of attorneys' fees found to be appropriate under Rule 11); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (placing future litigation restrictions on plaintiff as a Rule 11 sanction); *Chevron U.S.A. v. Hand*, 763 F.2d 1184, 1187 (10th Cir. 1985) (stating trial court had discretion to include both costs and attorneys' fees in Rule 11 sanction).

Finally, Defendants also rely on the inherent power of the Court to issue filing restrictions and sanctions. The inquiry with regard to sanctions pursuant to a court's inherent power is whether a person has abused the judicial process by acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006). This Court has the inherent power to impose sanctions that are necessary to control and supervise its own proceedings, promote judicial efficiency, deter frivolous filings, and respond to abusive litigation practices. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Mann v. Boatwright*, 477 F.3d 1140, 1150 (10th Cir. 2007); *United States v. Evans & Assoc. Constr. Co.*, 839 F.2d 656, 660 (10th Cir. 1988) (internal citations omitted). Similar to a court's power under Rule 11, a court's inherent power to sanction may include outright dismissal of a lawsuit, an assessment of attorneys' fees, or the imposition of filing restrictions. *See Chambers*, 501 U.S. at 45 ("As we recognized in *Roadway Express*, outright dismissal of a lawsuit, which we had upheld in *Link*, is a particularly severe sanction, yet it is within the court's discretion.

11

Consequently, the less severe sanction of an assessment of attorney's fees is undoubtedly within a court's inherent power as well.") (internal citations omitted); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'") (internal citation omitted); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1338 (11th Cir. 2002) (affirming sanction of dismissal with prejudice).

### B.    Procedural Requirements

Before analyzing whether sanctions are appropriate in the instant case, the Court must confirm that Plaintiffs and Godlove were provided notice and a meaningful opportunity to respond to Defendants' request for sanctions. *See Red Carpet Studios Div. of Source Advantage Ltd. v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006) (stating that "[s]anctions do implicate one's right to notice and a meaningful opportunity to be heard") (citing *Roadway Express*, 447 U.S. 752); *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1279 (10th Cir. 2005). In the instant case, this procedural requirement has clearly been met. Plaintiffs had notice of the possibility of sanctions, as Defendants filed extensive briefs supporting their request for sanctions and specifically described the conduct alleged to violate Rule 11 and 28 U.S.C. § 1927 therein. Further, Plaintiffs had an opportunity to be heard, as Defendants' motions were fully briefed and Plaintiffs were able to file responses to Defendants' motions for sanctions (*see* Docs. 53 & 78). Plaintiffs were also afforded the opportunity to argue this matter before the Court (*see* Doc. 80). Accordingly, between briefing and oral argument, Plaintiffs had more than ample notice and opportunity to be heard. *See Dodd*, 935 F.2d at 1160 (stating "the opportunity to fully brief the issue [of sanctions] is sufficient to satisfy due process requirements") (internal citations omitted).

Moreover, the Court must also determine whether the specific procedural requirements of Rule 11 have been met — namely, whether the motions for sanctions under Rule 11 were "made separately from other motions," "describe[d] the specific conduct alleged to violated [Rule 11(b)], and were served upon Plaintiffs twenty-one (21) days prior to the filing of the motions. Fed. R. Civ. P. 11(c)(1)(A). The Court finds that such requirements were met. Defendants filed separate motions for sanctions, both of which explicitly requested that sanctions be imposed pursuant to 28 U.S.C. § 1927, Rule 11, and the Court's inherent power. (*See* Mot. of Defs. Kasper and Locke Reynolds for Sanctions Against Pls. and Pls.' Counsel 1; Mot. of Defs. Beckworth and Atkinson, Haskins for Sanctions Against Pls. and Pls.' Counsel 1.) Although the motions for sanctions pursuant to Rule 11 were combined with the motions for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power, this is sufficiently "separate" for the purposes of Rule 11. *See Ridder v City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997) ("The requirement [that a motion for Rule 11 sanctions be made separately from other motions] does not foreclose combining a Rule 11 request with other provisions regulating attorney behavior, such as § 1988 and § 1927. To require Springfield to request Rule 11 sanctions separate from other requests for attorney fees based on the same conduct would amount to needless duplication of paper, time, and effort, for practitioners as well as the courts."). The Court also finds that Defendants' motions and the accompanying briefs were specific in describing the conduct alleged to violate Rule 11, as they detail the long history of this case and the precise nature of each reiteration of the suit.[8] Finally, Defendants represented to

---

[8] (*See* Mot. of Defs. Kasper and Locke Reynolds for Sanctions Against Pls. and Pls.' Counsel; Br. in Support of Mot. of Defs. Kaper and Locke Reynolds for Sanctions Against Pls. and Pls.' Counsel; Mot. of Defs. Beckworth and Atkinson, Haskins for Sanctions Against Pls. and Pls.' Counsel; Br. in Support of Mot. of Defs. Beckworth and Atkinson, Haskins for Sanctions Against Pls. and Pls.' Counsel.)

this Court that they served a copy of their motions upon Plaintiffs twenty-one (21) days prior to filing said motions, and Plaintiffs did not dispute this fact in their response brief. (*See* Mot. of Defs. Kasper and Locke Reynolds for Sanctions Against Pls. and Pls.' Counsel 1 n.1; Mot. of Defs. Beckworth and Atkinson, Haskins for Sanctions Against Pls. and Pls.' Counsel 2 n.1.) The Court accordingly finds that the procedural requirements of Rule 11 have been met.

## C.   Application of Sanctions to Attorney Godlove

Sanctions against Godlove are warranted in the instant case and will be imposed pursuant to 28 U.S.C. § 1927, Rule 11, and the Court's inherent authority. As previously noted, Plaintiffs, through Attorney Godlove, have filed more than thirty (30) lawsuits, including this one, in which they continue assert the same legal theories and claims and, most importantly, continue to be defeated. The instant case incorporates the same allegations that Plaintiffs have unsuccessfully presented countless times in the past, and the Court will simply not tolerate such egregious behavior any longer.

The Court finds that in filing this lawsuit, Godlove has violated her duty under Rule 11 to file only those claims which are warranted by existing law or by a nonfrivolous argument for the modification of existing law. *See* Fed. R. Civ. P. 11(b)(2). Specifically, Godlove has continued to pursue the same losing claims, despite the fact that these claims have been repeatedly rejected by various courts. For example, the Oklahoma Court of Civil Appeals has already rejected "attorney deceit" claims filed by Godlove, which are similar to those filed in the instant case wherein Plaintiffs claim that certain Defendants committed fraud on the court in previous cases filed by Plaintiffs. *See Hutchinson v. Carter*, 33 P.3d 958, 961 (Okla. Civ. App. 2001) (holding that "[i]t is black-letter law in Oklahoma that no civil remedy is available for litigation-related misconduct" and that

14

"[a]dvocacy, even abusive advocacy, is not an independent tort that a party litigant may bring against a lawyer or his client outside the action in which the person believes the misconduct occurred") (affirming dismissal of case by trial court); *see also* RESTATEMENT (SECOND) OF TORTS § 586 & Comment a (stating that a lawyer may not be sued for litigation-related misconduct). Similarly, Plaintiffs' RICO claims have also been previously dismissed. (*See* 02-CV-408, Doc. 60 at 5; 02-CV-425, Doc. 91 at 6.) As aptly described by Judge Ellison in a previous version of this case, "[Plaintiffs' claims] are nothing more than an attempt to re-litigate [Plaintiffs' previous cases] by putting new labels on the same claims." *Id.*

In spite of these previous rulings, Godlove filed yet another lawsuit, continuing to claim that the lawyers who had opposed Plaintiffs had committed fraud on the court and engaged in a RICO conspiracy. Indeed, it appears that attempting to assert "new claims" based on previous, rejected claims has become part and parcel of Godlove's practice.[9] Godlove cannot breathe new life into non-viable claims by merely adding new defendants, and the Court cannot sit by and let this pattern continue. *See Stagner v. Pitts*, 7 F.3d 1045, *3 (10th Cir. 1993) (unpublished) ("The courts have a duty to protect the public from frivolous litigation. There was a day when clever counsel were admired by some for inventive methods to resurrect dead litigation. That day has passed. When counsel seeks to relitigate that which has been previously litigated, they must be fully prepared to answer for their actions in continuing to instigate litigation"). Given this case's history and the previous rulings of numerous courts, the Court concludes that a reasonable attorney would not

---

[9] (*See* 02-CV-408, Doc. 60 at 3-4; *see* 02-CV-425, Doc. 91 at 4 (stating that "[P]laintiffs are seeking another opportunity to prevail on their claim using arguments identical to the ones that were rejected by this Court and the Court of Appeals. If Plaintiffs were allowed to proceed with their 'fraud' claim, every litigant would have the opportunity to 'reopen' final judgments simply by characterizing opposing counsel's argument as fraudulent or misleading").)

believe that this lawsuit was factually and legally justified. *See Dodd*, 935 F.2d at1155 (applying objective standard to Rule 11 inquiry). Accordingly, the Court finds Godlove's conduct worthy of Rule 11 sanctions. *See Kratage v. Charter Township of Commerce*, 926 F. Supp. 102, 105 (E.D. Mich. 1996) (sanctioning plaintiffs' continued attempts to raise the same claims after multiple dismissals) ("The plaintiffs in this case have had complaints based upon factual and legal theories contained in their August 29, 1995 complaint dismissed on the merits no fewer than five times.") ("In light of the repeated failure of the plaintiffs to articulate a viable claim against the defendants or to comply with the directive of this court, this court finds that sanctions under Rule 11 are appropriate.").

In addition to violating her duties pursuant to Rule 11(b)(2), the Court also finds that Godlove's conduct implicates Rule 11(b)(1) and the Court's inherent power to sanction, as the instant case was clearly brought for oppressive reasons -- namely, the improper purpose of harassment, unnecessary delay, and needless increase in the cost of litigation. Plaintiffs and Godlove continue to raise the same allegations that they have presented to this Court since 1993. As pointed out by Defendants, an examination of the pleadings which Godlove has filed for the past fourteen years in this Court show a repetition of entire pages of her prior briefs. These claims have been rejected by every judge and every court that has considered them, and, as previously noted, Godlove has been repeatedly sanctioned for litigation misconduct. (*See supra* at 3-4.) Godlove has obviously chosen to ignore these many dismissals and sanctions in contravention of her duty to the Court. The Court is accordingly left to conclude that Godlove is acting in bad faith and that her purpose in pursing this litigation is to harass Defendants, cause unnecessary delay, and increase the cost of litigation to Defendants. *See* Fed. R. Civ. P. 11(b)(1); *Townsend v. Holman Consulting Corp.*, 929

F.2d 1358, 1365 (9th Cir. 1990) ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose."); *Clark v. Meijer, Inc.*, 376 F. Supp. 2d 1077, 1086 (D.N.M. 2004) (stating that plaintiffs' allegations appeared to be an attempt to harass defendants and to "cause a needless increase in the cost of litigation for a matter that other courts have already adjudicated, in whole or part, on five previous occasions") (finding plaintiffs' allegations were "frivolous, unsupported by existing law, ha[d] no factual or evidentiary support, and further investigation [was] not warranted considering this [c]ourt's, as well as other courts', prior rulings"); *Equal Employment Opportunity Comm'n v. Tandem Computers, Inc.*, 158 F.R.D. 224 (D. Mass. 1994) (finding that the "conclusion that the motion was filed for an improper purpose is inescapable" when defendant filed a motion which "presented absolutely nothing new," as "the issues had been repeatedly briefed, argued and decided in favor of [plaintiff]") ("Armed with no new facts or circumstances, [defendant's] persistence in rehashing the same arguments time and again without success can be viewed as nothing but harassment at this juncture.").

The Court finds that Godlove's behavior also implicates 28 U.S.C. § 1927 because, throughout this matter, Godlove has unreasonably and vexatiously multiplied the proceedings. As outlined above, Godlove has continued to assert claims that have been previously dismissed by other courts, completely ignoring the many adverse rulings and sanctions that have already been imposed upon her and her clients. Although Godlove cannot be sanctioned under 28 U.S.C. § 1927 for the filing of a meritless complaint, *see Steinert*, 440 F.3d at 1224-26, the Court finds that Godlove prolonged her meritless claims unnecessarily in light of Defendants' motions to dismiss and motions for sanctions. Godlove's conduct in pursuing Plaintiffs' claims in the face of such motions

17

"multiplied the proceedings recklessly and with indifference to well-established law." *Id.* at 1225;

*see Dominion Video Satellite*, 430 F.3d at 1279 (affirming district court's imposition of sanctions

pursuant to §1927 when defendant's arguments were "completely meritless and therefore the course

of the proceedings was unwarranted").

Because of Godlove's perseverance in championing this case despite the fact that Plaintiffs'

claims have been repeatedly dismissed and Godlove herself has been repeatedly sanctioned, the

Court finds it necessary to dismiss Plaintiffs' Amended Complaint with prejudice,[10] *see Chambers*,

501 U.S. at 45,[11] and impose certain filing restrictions on Godlove. *See Stafford v. United States*,

208 F.3d 1177, 1178 (10th Cir. 2000) (stating filing restrictions are appropriate when the court is

confronted with litigants "who simply refus[e] to accept the judgments of the courts and [are]

abusing the judicial system for purposes of delay"). The Court also finds an award of costs and

attorneys' fees to be proper in this case. *See* 28 U.S.C. § 1927; *Chambers*, 501 U.S. at 45; *Chevron*

*U.S.A.*, 763 F.2d at 1187. *See infra* at 23-24 (listing specific sanctions to be imposed upon Godlove).

**D.    Application of Sanctions Against Plaintiff Hutchinson**

Although typically levied against an attorney, a court is authorized to issue Rule 11 sanctions

against a party even though the party is neither an attorney nor the signor of the pleadings. Fed. R.

---

[10] This is not the first time Godlove has had an action dismissed with prejudice as a
sanction for her improper litigation conduct. *See Godlove v. Bamberger, Foreman, Oswald, and
Hahn*, 903 F.2d 1145, 1149 (7th Cir. 1990) (affirming district court's decision to sanction
Godlove by dismissing her case with prejudice) ("After our own examination of the entire record,
it would be impossible to come to any other conclusion than that [Godlove] willfully and
deliberately chose to ignore and refuse to obey the court's orders. . . . We see nothing but
willfulness in this record. . . . The facts justifying dismissal are vividly apparent on the face of the
record.").

[11] *See also Jimenez*, 321 F.3d at 657(finding dismissal with prejudice was not unduly
harsh sanction in light of flagrant Rule 11 violation).

Civ. P. 11(c); *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001); *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan. et al.*, 891 F.2d 1473, 1484 (10th Cir. 1989) ("Rule 11 mandates sanctions against attorneys and/*or their clients* . . . .") (emphasis added).  As noted in the Advisory Committee Notes to Rule 11, this discretion is granted to the court because, "[e]ven though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client."  Fed. R. Civ. P. 11 at Advisory Committee Notes.  However, sanctions are only permitted against a client for a violation of Rule 11(b)(1) and not for a violation of Rule 11(b)(2).  *See* Fed. R. Civ. P. 11(c)(2)(A); *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 176 (2d Cir. 1999).  The sanctioning of a party requires a specific finding that the party was aware of the wrongdoing.  *See White*, 908 F.2d at 685.

In the instant case, the Court finds that Hutchinson was sufficiently aware of the wrongdoing underlying the violation of Rule 11(b)(1).  Plaintiff Hutchinson became involved in this long line of litigation after his father and sister, who initiated the first lawsuits underlying this matter, passed away.  (3/28/06 Hutchinson Dep., Ex. 3 to Supp. Br. in Support of Mot. for Sanctions of Defs. Beckworth and Atkinson, Haskins 12:20-23.)  Although Hutchinson's testimony indicates that Godlove was undoubtedly the "mastermind" behind this litigation, Hutchinson is not without fault. Specifically, Hutchinson was aware, before bringing the instant suit, that other courts had previously rejected his claims.[12]  In fact, Hutchinson stated that he "h[asn't] seen a case [brought by Plaintiffs]

---

[12]  (*See* 3/28/06 Hutchinson Dep., Ex. 3 to Supp. Br. in Support of Mot. for Sanctions of Defs. Beckworth and Atkinson, Haskins 29:21-25-30:1-2 (stating he was aware that the United States District Court for the Southern District of Indiana had dismissed plaintiffs' claims when the instant case was filed); *id.* 60:13-25-61:1 and 63:1-4 (stating he was aware that Judge Ellison found plaintiffs' claims barred by the statute of limitations and laches when he commenced the

that hasn't been [rejected] at this stage." (3/28/06 Hutchinson Dep., Ex. 3 to Supp. Br. in Support of Mot. for Sanctions of Defs. Beckworth and Atkinson, Haskins 97:7-13.) When asked "[i]f your claims, sir, have been uniformly rejected, why is it that you would keep coming into court and making the same claims over and over again," Hutchinson simply responded, "I don't know." (*Id.* 12:14-17.) Moreover, when asked "[w]ould it seem proper to you, sir, to keep bringing claims that have been rejected time and time again by courts," Plaintiff Hutchinson stated, "[o]n the surface, no." (*Id.* 12:18-21; *see also id.* 54:2-5 (admitting it would be improper to "commenc[e] another lawsuit . . . raising claims that a court had already determined must necessarily fail").)

Given Plaintiff Hutchinson's understanding that it is improper to re-litigate claims dismissed "time and time again by courts" and his knowledge, prior to initiating this suit, that Plaintiffs' claims had previously been rejected by multiple courts, Hutchinson simply cannot avoid liability under Rule 11. *See Union Planters Bank v. L&J Dev. Co., Inc.*, 115 F.3d 378, 384-85 (6th Cir. 1997) (affirming sanctions assessed against both the attorneys and clients when clients had knowingly brought and pursued "claims devoid of evidentiary support"); *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1093 (11th Cir. 1994) (remanding the case to impose an appropriate sanction because the client pursued the claim "when it knew, or should have known, that its claim was legally and factually baseless"); *Allapattah Serv., Inc. v. Exxon Corp*, 372 F. Supp. 2d 1344, 1374-75 (S.D. Fla. 2005) (imposing sanctions on attorneys and represented party when they continued to assert legal and factual positions that were contrary to previous rulings by the Eleventh Circuit); *Continental Air*

instant case); *id.* 65:6-10 (stating he was aware, before initiating the instant case, that this court had determined twice that his claims were barred by the statute of limitations and laches); *id.* 110:5-12 (admitting that he was aware "of all these appellate decisions that had rejected [his] claims" before he commenced ths instant litigation).)

20

*Lines, Inc. v. Group Sys. Intern*, 109 F.R.D. 594, 600 (C.D. Cal. 1986) (sanctioning both attorney and client when "the facts which disclosed that the motion was frivolous were within the knowledge of the client"). Stated simply, when parties and their attorneys persist in the prosecution of meritless litigation and ignore the lawful and binding rulings of various courts, the imposition of sanctions upon both the attorney and client is in order.

Finally, the Court finds that Plaintiff Hutchinson was put on adequate notice that sanctions were sought against him individually. Hutchinson was deposed on March 28, 2006, and it was made clear to him during this deposition that the deposition was being taken in conjunction with Defendants' request that sanctions be imposed on him individually. (*See* 3/28/06 Hutchinson Dep., Ex. 3 to Supp. Br. in Support of Mot. for Sanctions of Defs. Beckworth and Atkinson, Haskins 4:8-13.) Further, at the sanctions hearing before the Court, Defendants again argued that sanctions should be imposed jointly on Godlove *and* Hutchinson. However, because the Court wanted to ensure that Hutchinson had adequate notice and an opportunity to respond to Defendants' request to sanction him personally, the Court ordered additional briefing to be submitted by all parties as to this issue. (*See* Docs. 82, 83, 101, & 102.) Hutchinson was given the opportunity to respond to Defendants' briefing on this issue, confirming that he had adequate notice that sanctions were being sought against him. Therefore, the Court finds the imposition of Rule 11 sanctions on Hutchinson proper, and finds Hutchinson jointly and severally liable for the costs and attorneys' fees incurred by Defendants in responding to the frivolous complaint filed herein.

In accordance with its findings, the Court GRANTS Defendants' Motions for Sanctions (Docs. 35 and 50) pursuant to its inherent authority, 29 U.S.C. § 1927, and Rule 11. Godlove and

Hutchinson are hereby sanctioned as set forth in this Order. *See infra* 23-24.[13]

## IV.   Plaintiffs' Motion for Sanctions Against Counsel

Plaintiffs move to sanction Defendants under 28 U.S.C. § 1927.  In relying on § 1927,

Plaintiffs have completely failed to show any action on the part of Defendants or their counsel which

has "multiplied" the proceedings.  Indeed, as described in detail above, it is Plaintiffs who continue

to file lawsuits, asserting the same claims that have been previously rejected.  For these reasons and

the reasons discussed in relation to Defendants' motions for sanctions, Plaintiffs' Motion for Order

Imposing Ultimate Sanction of Default Against Defendants on the Issue of Liability and Monetary

Sanctions Against Defendants and their Attorney for Deliberate Scheme to Defraud the Court (Doc.

55) is DENIED.

## V.   Conclusion

For the reasons stated herein, the Court DENIES Plaintiffs' Motion for Order Imposing

Ultimate Sanction of Default Against Defendants on the Issue of Liability and Monetary Sanctions

Against Defendants and their Attorney for Deliberate Scheme to Defraud the Court (Doc. 55);

Plaintiffs' Request that District Judge Disqualify Himself in this Civil Action (Doc. 79); Plaintiffs'

---

[13] Defendants Beckworth and Atkinson have also filed an Application for Direct Contempt of Court (Doc. 121), wherein they argue that Plaintiffs and Godlove should be sanctioned for pursuing their claims after the Court's oral ruling on Defendants' motions for sanctions at the hearing before this Court.  Specifically, in the interim between the hearing and the entry of this Order, Plaintiffs "attempted to serve the amended complaint on several of the newly added defendants," despite the fact that the Court indicated this action would be dismissed with prejudice. (App. of Defs. Beckworth and Atkinson, Haskins for Sanctions for Direct Contempt of Court 3.)  While the Court agrees that such conduct is sanctionable, the Court finds that the sanctions already imposed in this Order will sufficiently deter such conduct and declines to order additional sanctions.  Further, because the Court has ordered Plaintiff Hutchinson and Godlove to pay all costs and fees of Defendants, Defendants Beckworth and Atkinson will be awarded costs and fees for having to continuously respond to Plaintiffs' improper conduct.

Supplemented Request that District Judge Disqualify Himself in this Civil Action (Doc. 84); and the Application of Defendants Beckworth and Atkinson, Haskins for Sanctions for Direct Contempt of Court (Doc. 121).  Further, the Court GRANTS the Motion of Defendants Marthanda Beckworth and Atkinson, Haskins, Nellis, Holeman, Brittingham, Gladd & Carwile for Sanctions Against Plaintiffs and Plaintiffs' Counsel (Doc. 35); the Motion of Defendants David T. Kasper and Locke Reynolds Boyd & Weisell LLP for Sanctions Against Plaintiffs and Plaintiffs' Counsel (Doc. 50); and Plaintiffs' Request that Court Decide Recusal Issue Before Deciding Other Pending Motions (Doc. 108).

The following sanctions are imposed as result of this Order:

1)   The Amended Complaint in this matter is dismissed with prejudice, as it is a vexatious and frivolous filing.

2)   Godlove is permanently enjoined from filing any future civil lawsuit in this Court based upon or arising out of any of the legal or factual claims alleged in this action and the actions underlying it.

3)   Should Godlove file any future civil lawsuit based upon or arising out of any of the legal or factual claims alleged in this act and the actions underlying it in another court, she shall, upon initiating the suit, make known to that court the substance of this sanctions Order.

4)   Attorney Godlove and Plaintiff Hutchinson are jointly and severally liable for all costs and attorneys' fees incurred by Defendants Beckworth, Atkinson, Kasper, and Locke Reynolds in responding to Plaintiffs' Complaint and subsequent Amended Complaint, including the costs of pursuing Defendants' motions for sanctions.

23

5)    This matter will be referred to the Court's Committee on Admissions and Grievances for investigation to determine if Godlove should be barred from practicing in this district.

Further, as a result of the sanctions imposed in this Order, the following motions are hereby DEEMED MOOT: Motion to Dismiss of Bonnie J. Hahn, Personal Representative of the Estate of Robert H. Hahn, Deceased; Bamberger, Foreman, Oswald and Hahn; Bamberger, Foreman, Oswald and Hahn, L.L.P. (Doc. 4); Motion of Defendants David P. Kasper and Locke Reynolds to Dismiss Complaint (Doc. 14); Motion of Defendants Marthanda J. Beckworth and Atkinson, Haskins to Dismiss Complaint (Doc. 17); Plaintiffs' Motion for Extension of Time to Respond to Motion of Defendants David P. Kasper and Locke Reynolds to Dismiss Complaint (Doc. 20); Motion of Defendants Kasper, Locke Reynolds, Beckworth and Atkinson, Haskins, Nellis, Brittingham Gladd & Carwile to Strike Plaintiffs' Filing of the Joint Status Report (Doc. 27); Motion of Defendants Bonnie J. Hahn, Personal Representative of the Estate of Robert H. Hahn, Deceased; Bamberger, Foreman, Oswald and Hahn; Bamberger, Foreman, Oswald and Hahn, L.L.P., to Strike Plaintiff's Response to Motion to Dismiss (Doc. 33); Motion of Defendants Beckworth and Atkinson, Haskins, Nellis, Brittingham Gladd & Carwile to Strike Plaintiffs' Response and Corrected Response to Defendants' Motion to Dismiss (Doc. 44); Motion of the Cincinnati Museum Association, the Butler Institute of American Art, Earle Jay Maiman, Esq., and the Law Firm of Thompson Hine LLP, for an Extension of Time to Move, Answer, or Otherwise Plead (Doc. 112); and Defendant Kennedy Galleries, Inc.'s Application for Continuance (Doc. 120).

Finally, the remaining issue regarding the amount of costs and fees to be awarded to Defendants Beckworth, Atkinson, Kasper, and Locke Reynolds is REFERRED to Magistrate Cleary

for resolution.   Judgment shall be entered by the Court thereafter.

**ORDERED** this _____4_____ day of September, 2007.


TERENCE KERN
UNITED STATES DISTRICT JUDGE