**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS R. HUTCHINSON and CLAY | ) | |
| ROBERTS, III, individually and as a former | ) | |
| member of ROBERTS, MARRS & CARSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No.  05-CV-453-TCK(PJC) |
| | ) | |
| BONNIE J. HAHN, Personal Representative of the | ) | |
| of the Estate of Robert W. Hahn, Deceased; | ) | |
| BAMBERGER, FOREMAN, OSWALD AND | ) | |
| HAHN; BAMBERGER, FOREMAN, OSWALD | ) | |
| AND HAHN, L.L.P.; DAVID T. KASPER; LOCK | ) | |
| REYNOLDS BOYD & WEISELL; LOCK | ) | |
| REYNOLDS BOYD & WEISELL LLP; | ) | |
| MARTHANDA BECKWORTH, and | ) | |
| ATKINSON, HASKINS, NELLIS, HOLEMAN, | ) | |
| BRITTINGHAM, GLADD & CARWILE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Thomas R. Hutchinson's ("Hutchinson") Objection to Magistrate's Report and Recommendation (Doc. 152).  The Court summarized Hutchinson's and his counsel's, Joan Godlove ("Godlove"), extensive litigation history in this District Court and other courts in its September 4, 2007 Opinion and Order (Doc. 126), and will not repeat that history here.

In its Opinion and Order, the Court sanctioned Godlove pursuant to 28 U.S.C. §1927, Fed. R. Civ. P. 11, and the Court's inherent authority to sanction the conduct of the attorneys who appear before it.  The Court sanctioned Hutchinson pursuant to Fed. R. Civ. P. 11, finding him jointly and severally liable for costs and attorneys' fees that Defendants[1] incurred in responding to Hutchinson's

---

[1] Defendants requesting costs and attorney's fees as sanctions against Hutchinson and Godlove included David T. Kasper ("Kasper"), Locke Reynolds Boyd & Weisell ("Locke

1

and Godlove's frivolous complaint in this action. The Court then referred to Magistrate Judge Cleary the issue of what amount of costs and attorney fees should be awarded.

Magistrate Judge Cleary held a hearing in this matter on December 6, 2007.  Defendants presented evidence of time records and hourly billing rates for time spent in this action.  Hutchinson and Godlove did not object to any of Defendants' evidence, and did not challenge the number of hours Defendants claimed to have expended. Neither Hutchinson nor Godlove presented any evidence suggesting they could not pay the requested amount of fees and costs.

Magistrate Judge Cleary recommended sanctions be awarded jointly and severally against Hutchinson and Godlove in favor of Defendants Beckworth and Atkinson, Haskins for $72,277.00 in fees and $931.57 in expenses, for a total award of $73,208.57. He recommended sanctions be awarded jointly and severally against Hutchinson and Godlove in favor of Defendants Kasper and Locke Reynolds for $33,165.00 in fees and $419.57, in expenses for a total award of $33,808.57.

Pursuant to Fed. R. Civ. P. 72(b), the Court has reviewed the record *de novo*.  After thorough consideration of both the record and Hutchinson's and Godlove's objections, the Court finds no reason either in law or in fact to depart from the recommendation of Magistrate Judge Cleary as to the amount of sanctions to be imposed against Hutchinson and Godlove, as more fully discussed below.

Hutchinson's and Godlove's first objection alleges that Magistrate Judge Cleary "conferred" with other "unnamed" judges in this District Court about this case prior to the hearing on December

---

Reynolds"), Marthanda J. Beckworth ("Beckworth") and Atkinson, Haskins, Nellis, Holeman, Brittingham, Gladd & Carwile ("Atkinson, Haskins",)(Docs. 34 and 50). The Court's references to "Defendants" in this Order are specifically intended to be limited to these attorneys and their respective law firms.

6, 2007.   However, the Court did not "confer" with Magistrate Judge Cleary about the issue of sanctions to be awarded against Hutchinson and Godlove.   Although the Magistrate Judge noted the detailed history of Hutchinson's and Godlove's continuing litigation abuse, such information was set forth in this Court's Opinion and Order of September 4, 2007.   Hutchinson and Godlove admit they have no proof of such "conferences," making their objection based merely on speculation.

Hutchinson and Godlove's second objection alleges a deprivation of "substantive and procedural due process" when the Magistrate Judge limited Godlove's cross-examination of Defendant Beckworth on "attorney falsehoods" or "attorney deceit."   Hutchinson and Godlove allege that they were deprived of the opportunity to "link" alleged "falsehoods" in Defendants' pleadings to the time records Defendants presented as evidence. Hutchinson and Godlove misunderstand the limited issues and the purpose of the hearing on December 6, 2007.   The Magistrate Judge was to take evidence relating only to the amounts Defendants claimed as sanctions to be imposed on Hutchinson and Godlove.   The December 6 hearing was not intended as another chance for Hutchinson and Godlove to renew their claims of Defendants' alleged "falsehoods" in the guise of an "affirmative defense" to the sanctions against them.[2]   At that hearing, Hutchinson and Godlove had opportunity to challenge Defendants' billing rates and the time and monetary amounts Defendants spent in this action in responding to Plaintiffs' complaint.   The Magistrate Judge noted that Godlove failed to challenge any specific time entries in Defendants' records at the hearing. The Court rejects Hutchinson's and Godlove's claim of a "deprivation of due process" on an issue that was not only irrelevant in the hearing before the Magistrate Judge, but also has been previously, and

---

[2] Hutchinson and Godlove have raised those claims of attorney "fraud" upon the Court in this action and in previous actions. They have had ample opportunity to be "heard" on those claims, all of which have been rejected as meritless.

repeatedly, determined as lacking any merit.

Hutchinson and Godlove raise, as another objection, their perception that Magistrate Judge Cleary did not "actually" consider Plaintiff's Exhibit A and Verified Statement.[3]  Hutchinson and Godlove do not specifically identify any finding or statement in Magistrate Judge Cleary's Report and Recommendation as support for their allegation that he did not "actually"consider their evidence.  Hutchinson and Godlove essentially reason that the Magistrate Judge could not have "actually" considered that evidence, because he otherwise "should have come to a different conclusion" that favored their position. This objection similarly is based on surmise and speculation, and must be rejected.

Hutchinson and Godlove further object that the Report and Recommendation was based on "findings made by other courts." They assert that Magistrate Judge Cleary relied on former Magistrate Judge John Leo Wagner's findings from a previous action Hutchinson and Godlove filed in this District.[4]  In 1993, Magistrate Judge Wagner described Godlove's allegations of defense counsel's fraud on the Court as "spurious and unwarranted" in chastising Godlove for the same theories of attorney fraud she continues to raise here.  Magistrate Judge Cleary did not cite Magistrate Wagner's sanctions discussion as "evidence," but as precedent for finding that the threat of sanctions failed to deter Hutchinson's and Godlove's continuing pattern of litigation abuse in this

---

[3] "Exhibit A" is a copy of Hutchinson's and Godlove's brief requesting sanctions against Defendants for a "deliberate scheme to defraud the Court" (Doc. 55).  This Court specifically denied the Motion to which that brief was appended, in its Opinion and Order of September 4, 2007.  Godlove filed a "Verified Statement of Plaintiff's Counsel" on December 5, 2007 (Doc. 145), the day before the Magistrate Judge's hearing. Godlove's "Verified Statement" is a rambling rehash of previous litigation and statements taken from various pleadings upon which she based her claims of Defendants' "fraud" on the Court.

[4]*Hutchinson v. Pfeil*, No. 92-CV-1088-E.

District.

It is therefore the ORDER of the Court that Hutchinson's and Godlove's Objection to Magistrate Judge's Report and Recommendation (Doc. 152) is OVERRULED.

It is the further ORDER of the Court that the Report and Recommendation (Doc. 150) is accepted and adopted as the Order of the Court.  Having found Plaintiff Thomas R. Hutchinson and his counsel, Joan Godlove, to be jointly and severally liable for the following amounts as sanctions, the Court orders Hutchinson and Godlove to pay Defendants Beckworth and Atkinson, Haskins the sum of $73,208.57, and to pay Defendants Kasper and Locke Reynolds the sum of $33,808.57.

**ORDERED this 6th day of May, 2008.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**